IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| KRISTIN PUNT, | : | |
| | : | CIVIL ACTION NO.14-CV-____ |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| | : | |
| KELLY SERVICES, and GE CONTROLS SOLUTIONS, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT - JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. Plaintiff Kristin Punt brings this action for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. § 2000e *et seq*., and the Genetic Information Non-discrimination Act (GINA), 42 U.S.C. § 2000ff *et seq.*, while she was an employee of Kelly Services (hereinafter "Kelly") and supervised by an employee of GE Controls Solutions (hereinafter "GE Controls"). Specifically, she alleges that her employment was terminated as a result of Defendants' irrational fears about her when she notified them that she had been diagnosed with breast cancer and that her family had a history of breast cancer, and that the Defendants' actions caused her mental distress and humiliation, and loss of employment and compensation. She seeks back pay, reinstatement or front pay, compensatory and punitive damages as well as attorneys fees and the costs of this action.

## II. JURISDICTION

2. Jurisdiction of this civil rights action is conferred on this Court by 42 U.S.C. §§ 717(c) and 706, and 28 U.S.C. §§ 1343 and 1331.

3. Venue herein is proper under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3) as the acts complained of herein all occurred within this judicial district.

## III. PARTIES

4. Plaintiff Kristin Punt is a citizen of the U.S. currently residing in Boulder, CO and is subject to the jurisdiction of this court.

5. Defendant GE Control Solutions is now, and was at all relevant times, a corporate entity organized under the laws of the State of Colorado conducting business at 1800 Nelson Road, Longmont, CO. At all relevant times GE Control Solutions has had at least 15 employees and is capable of being sued under the ADA and GINA and is subject to the jurisdiction of this court under those statutes.

6. Defendant Kelly Services is now, and was at all relevant times, a corporate entity organized under the laws of the State of Colorado conducting business at 3223 Arapahoe Ave., Boulder, CO. At all relevant times Kelly Services has had at least 15 employees and is capable of being sued under the ADA and GINA is subject to the jurisdiction of this court under those statutes.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. All conditions precedent to the institution of this suit have been fulfilled. A charge of discrimination was filed with the EEOC against each of the Defendants on March 9, 2012 and then amended charges on October 4, 2012. Both charges set forth claims under the ADA and GINA. On September 12, 2014, a Notice of Right to Sue was issued by the EEOC for charge #541-2012-01413 against Kelly. On September 12, 2014, a Notice of Right to Sue was issued by the EEOC for charge #541-2012-01322 against GE Controls. The right to sue letters

for both charges were received by plaintiff on or about September 15, 2014. This action is filed within ninety (90) days of plaintiff's receipt of said notices.

## V. STATEMENT OF FACTS

8. Plaintiff started working for GE Control Solutions ("GE") as a Receptionist on October 24, 2011 in a one-year temporary to hire position through Kelly Services. She had previously worked for GE through Kelly Services in six or seven other temporary assignments. In this position Ms. Punt was paid by Kelly Services but was supervised by employees of GE Controls.

9. Ms. Punt's start date as a Receptionist for GE was October 24, 2011. She performed satisfactorily and received positive feedback about her work performance. Ms. Punt was told repeatedly that GE was a very important account for Kelly Services, and that the position was expected to last for a year.

10. When she began working at GE, she was told by either Tracy Sledge (a GE Controls employee who was in charge of the GE building) or Joy Hansen (Director of HR for GE) to call Elise Greenlee (Administrative Assistant to Tracy Sledge) if she was ever going to be late or absent because Ms. Hansen usually didn't get into the office until around 9:00 a.m. in each morning.

11. On November 15, 2011, plaintiff had a breast biopsy done. Prior to this date, she followed both GE and Kelly Services' policies regarding requests for time off, by contacting Ms. Greenlee and Ms. Erin Wilgas at Kelly Services. At this time, plaintiff also informed both Kelly Services and GE about her family's medical history of breast cancer.

12. After plaintiff disclosed her family's medical history and her need for a biopsy, plaintiff's supervisor's assistant began coming over to her workstation periodically throughout

the workday to watch/stare at her. The woman's behavior was unusual and was noticed by at least one of plaintiff's coworkers. She never did that before plaintiff disclosed her medical information.

13. On November 25, 2011, plaintiff was informed by her medical provider of her breast cancer diagnosis. Plaintiff immediately informed Ms. Greenlee and let her know that she would probably need an MRI. In this conversation, plaintiff told Ms. Greenlee that she was worried about the breast cancer and worried about the MRI because she was claustrophobic and would probably need to be medicated for the procedure.

14. Plaintiff received a call from Boulder Foothills Hospital at the end of the business day on November 25, 2011, indicating that she needed to report for an MRI on Monday morning.

15. On November 28, 2011, plaintiff called in sick at 8:00 am or earlier and told Ms. Greenlee that she needed to miss work to get the MRI done. Plaintiff also requested this time off from Kelly Services and that request was granted.

16. On November 28, 2011, plaintiff went to the hospital and got prepped for the MRI but her anxiety was so high that she was unable to complete the test.

17. During the afternoon of November 28, 2011, plaintiff received a call from Ms. Wilgas of Kelly Services asking how she was doing. Wilgas also asked if plaintiff would be returning to work the next day. Plaintiff said that she could not come in because the MRI was being rescheduled for November 29, 2011.

18. Ms. Wilgas told plaintiff that GE was pressuring her and that they really needed to know if plaintiff could be there in the morning. Plaintiff explained to Ms. Wilgas that she needed another day in order to accomplish the MRI. Plaintiff had not missed any other time at GE prior to November 28 and 29, 2011.

19. On December 5, 2011, plaintiff was informed by Ms. Wilgas that GE had decided to terminate her employment. Ms. Wilgas specifically told plaintiff that Ms. Hansen said plaintiff would be unreliable now that she had been diagnosed with breast cancer, and GE wanted a replacement.

20. Ms. Wilgas seemed to be very sympathetic to plaintiff, and indicated that she (Wilgas) would continue to look for work for plaintiff. However, since her termination, plaintiff has been contacted only one time, and that was simply for a one day temporary assignment. Though plaintiff has been generally available for work, she was not available on that one day, so she declined the assignment. Kelly Services has made no other attempts to contact her regarding placement.

21. Plaintiff received no warnings or corrective action prior to being discharged. To her knowledge, plaintiff did not violate any attendance policy. She performed satisfactorily and was fired very shortly after she disclosed her disability and asked for a day off to undergo a medical procedure.

22. The effects of plaintiff's condition in its untreated state significantly limits her in the major life activity of "living," among others. Plaintiff therefore has a disability within the meaning of the ADA, as amended.

23. Defendant GE Controls is liable as a co-employer for the actions of its on-site supervisory employee Tracy Sledge.

**COUNT I**

**ADA VIOLATION AGAINST GE CONTROLS SOLUTIONS**

24. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 as though set forth fully herein.

25. Plaintiff was a qualified individual with a disability in that she was able to perform the essential functions of her job as a receptionist with or without a reasonable accommodation.

26. The unlawful actions of defendant in terminating plaintiff because of her disability constitutes an intentional violation of the Americans with Disabilities act, Title 42 U.S.C. § 12101, et seq.

27. As a direct result of defendant's willful and unlawful actions in violation of the ADA, plaintiff has suffered emotional pain and distress, and has sustained a loss of earnings and benefits, and a loss of front pay.

28. Defendant's actions were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under the ADA, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Awarding punitive damages;

(d) Order her reinstatement, or in the alternative, award front pay;

(e) Awarding the costs of this action, together with reasonable attorney's fees; and

(f) granting such other relief as the Court deems necessary and appropriate.

**COUNT II**

**ADA VIOLATION AGAINST KELLY SERVICES**

29. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through

28 as though set forth fully herein.

30. Plaintiff was a qualified individual with a disability in that she was able to perform the essential functions of her job as a receptionist with or without a reasonable accommodation.

31. The unlawful actions of defendant in terminating plaintiff because of her disability constitutes an intentional violation of the Americans with Disabilities act, Title 42 U.S.C. § 12101, et seq.

32. As a direct result of defendant's willful and unlawful actions in violation of the ADA, plaintiff has suffered emotional pain and distress, and has sustained a loss of earnings and benefits, and a loss of front pay.

33. Defendant's actions were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under the ADA, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Awarding punitive damages;

(d) Order her reinstatement, or in the alternative, award front pay;

(e) Awarding the costs of this action, together with reasonable attorney's fees; and

(f) granting such other relief as the Court deems necessary and appropriate.

## COUNT III

## VIOLATION OF GINA AGAINST GE CONTROLS SOLUTIONS

34. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 33 as though set forth fully herein.

35. Plaintiff was fired because of her family history, ie her genetic information and such was therefore an intentional violation of GINA.

36. As a direct result of defendant's willful and unlawful actions in violation of GINA plaintiff has suffered emotional pain and distress, and has sustained a loss of earnings and benefits, and a loss of front pay.

37. Defendant's actions were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under GINA, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Awarding punitive damages;

(d) Order her reinstatement, or in the alternative, award front pay;

(e) Awarding the costs of this action, together with reasonable attorney's fees; and

(f) granting such other relief as the Court deems necessary and appropriate.

## COUNT IV

## VIOLATION OF GINA AGAINST KELLY SERVICES

38. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 37 as though set forth fully herein.

39. Plaintiff was fired because of her family history, ie her genetic information and such was therefore an intentional violation of GINA.

40. As a direct result of defendant's willful and unlawful actions in violation of GINA plaintiff has suffered emotional pain and distress, and has sustained a loss of earnings and benefits, and a loss of front pay.

41. Defendant's actions were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under GINA, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Awarding punitive damages;

(d) Order her reinstatement, or in the alternative, award front pay;

(e) Awarding the costs of this action, together with reasonable attorney's fees; and

(f) granting such other relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 16th day of September, 2014.

Respectfully submitted,

By: *s/Ralph E. Lamar, Esq.*

Ralph E. Lamar
Attorney I.D. No. 44123
8515 Braun Loop
Arvada, CO 80005
(303) 345-3600
ralphlamar@ymail.com

Attorney for Plaintiff